UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRUCE H. THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED DEBT SETTLEMENT, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:23-cv-00128 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Now comes BRUCE H. THOMPSON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of UNITED DEBT SETTLEMENT, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.,* and the Indiana Credit Services Organization Act ("ICSOA") under Ind. Code § 24-5-15 *et seq.,* in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the instant claims occurred within the Southern District of Indiana.

### PARTIES

4. Plaintiff is a "person," as defined by 47 U.S.C. § 153(39), and consumer over 18 years of age, residing in Jeffersonville, Indiana, which lies within the Southern District of Indiana.

5. Defendant is a debt settlement and credit repair company whose offered services are designed to resolve and settle debts impacting consumers' credit, so that consumers can enjoy improved credit through the offerings. Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 240 West 37th Street, Suite 400, New York, New York 10001.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately late 2022, Plaintiff was interested in resolving a number of debts which were impacting his credit, and he subsequently began looking into various credit repair and debt consolidation programs.

9. Plaintiff subsequently came upon Defendant and its services.

10. Defendant advised that through its services, Plaintiff would make monthly payments to Defendant, and that Defendant would take those funds and use them to negotiate settlements on debts Plaintiff would enroll in the program.

11. Defendant further represented that its services would save Plaintiff approximately half of what he would otherwise pay through Defendant's program, and that he would be able to resolve the debts faster through Defendant's negotiation efforts.

12. Defendant represented, both directly and by implication, that a purpose of its services was to improve consumers credit by getting debts resolve that would go about reducing the debt load impacting a consumers' credit.

13. Defendant further represented that settlements would be start being made shortly after signing up.

14. Plaintiff subsequently agreed to use Defendant's services and entered into a contract for the provision of the same.

15. Plaintiff made certain upfront payments to Defendant and further began paying approximately $220.00 per month for Defendant's services.

16. After signing up, Plaintiff was instructed by Defendant to cease paying his creditors and instead divert those payments to Defendant despite Plaintiff being current on most of his enrolled obligations.

17. After more than seven months of making payments, Plaintiff has failed to enjoy the benefit of the services Defendant represented would be provided.

18. Defendant has only resolve a single debt, and did so for an amount that resulted in less savings than what Defendant originally represented Plaintiff could expect.

19. Furthermore, Defendant generally failed to resolve the debts in the prompt manner Claimant was led to believe when signing up with Defendant.

20. Frustrated, distressed, and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm stemming from payments made for deficient and nonexistent services, out of pocket damages, as well as

numerous violations of his state and federally protected interests – interests which were harmed and put at a material risk of harm stemming from Defendant's conduct.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

24. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA §§ 1679b(a)(3)-(4)**

25. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

26. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Defendant represented that results would be delivered fast and that Plaintiff would pay approximately half of the balance on settled debts. However, Defendant took substantially longer

than represented to reach any settlements and further failed to provide the represented savings on any debt that it was actually able to resolve for Plaintiff.

27. Defendant further violated the above provisions of the CROA through its deceptive conduct in representing to Plaintiff that it would be in his best interest to cease paying his creditors and instead divert those payments to Defendant.

    **b.  Violations of CROA § 1679b(b)**

28. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

29. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services were fully performed. Defendant charged Plaintiff upfront fees and, upon information and belief, improperly charged and retained Plaintiff's payments despite not performing, let alone completely performing, the services justifying the retention of such fees and charges.

    **c.  Violation of CROA § 1679c**

30. The CROA provides that a credit repair organization must provide consumers with certain written disclosures before agreeing to perform services for a consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

31. Defendant violated 15 U.S.C. §§ 1679c(a)-(b) through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures to Plaintiff, nor did it provide a separate document containing such disclosures.

    **d.  Violation of CROA §§ 1679d & 1679e**

32. The CROA, pursuant to 15 U.S.C. § 1679d, outlines that credit repair organizations must enter into written contracts with consumers, and that such contracts must contain certain basic information and disclosures, including a disclosure about a consumer's right to cancel the contract." 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under CROA while requiring such disclosure to be given to consumers in writing.

33. Defendant violated 15 U.S.C. §§ 1679d & 1679e through its failure to enter into a written contract with Plaintiff, let alone a written contract that contained the information required under the CROA. Defendant further failed to provide any notification of Plaintiff's right to cancel the contract.

WHEREFORE, Plaintiff, BRUCE H. THOMPSON, respectfully requests that the Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

    c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

    e. Awarding any other relief as the Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE INDIANA CREDIT SERVICES ORGANIZATION ACT**

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "buyer" as defined by Ind. Code § 24-5-15-1.

36. Defendant is a "credit services organization" as defined by Ind. Code § 24-5-15-2(a).

    a.   **Violations of Ind. Code § 24-5-15-5**

37. The ICSOA, pursuant to Ind. Code § 24-5-15-5(1), prohibits a CSO from charging or receiving "money or other valuable consideration before the complete performance of services that a credit services organization has agreed to perform for or on behalf of a consumer . . ."

38. Defendant violated § 24-5-15-5(1) in much the same way it violated § 1679b(b) of the CROA.

39. The ICSOA, pursuant to Ind. Code. § 24-5-15-5(4), prohibits a credit services organization from making or using "a false or misleading representation in an offer to sell or a sale of the services of a credit services organization."

40. Defendant violated § 24-5-15-5(4) in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

    b.   **Violations of Ind. Code § 24-5-15-6**

41. The ICSOA, pursuant to Ind. Code § 24-5-15-6, outlines the disclosures a CSO must provide prior to providing services to a consumer.

42. Defendant violated § 24-5-15-6 by failing to provide the disclosures required by Indiana law.

    c.   **Violations of Ind. Code § 24-5-15-7**

43. The ICSOA, pursuant to Ind. Code § 24-5-15-7, outlines the requirements for contracts between consumers and credit services organization.

44. Defendant violated § 24-5-15-7 through its failure to provide the information in any contract with Plaintiff.

WHEREFORE, Plaintiff, BRUCE H. THOMPSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Ind. Code § 24-5-15-9(1);

c. Awarding Plaintiff punitive damages pursuant to Ind. Code § 24-5-15-9(1);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Ind. Code § 24-5-15-9(1); and,

e. Awarding any other relief the Honorable Court deems just and appropriate.

Dated: July 31, 2023

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com